All right, if I could please ask our clerk to call the case. 3-25-0068, Vivek Bedi Appellant, or I'm sorry, Vivek Bedi Appellee v. MedLegal Solutions, Inc. Appellant. Good morning, Ms. Skocilis. If you're ready, you may proceed. Yes, good afternoon, Your Honors, and may it please the Court, Christine Skocilis, on behalf of Appellant MedLegal Solutions. We've asked this Court to review whether MedLegal can intervene as of right in the underlying action so it may have its motion to vacate the improperly entered NUNC-PROTUNC order heard. That NUNC-PROTUNC order is actively interfering with the orderly and efficient collection of MedLegal's federal judgment. How so when you have priority in federal court? I have priority in federal court with the citations that were at issue in federal court. Since then, Appellant has, or Appellee, I'm sorry, has issued over hundreds of citations to discover assets on various personal injury lawyers and has taken the position that if he served a citation to discover assets on those citation respondents, first, he is entitled to collect the money regardless of the federal court's lien priority ruling. I respect that you're answering my question, but let me just ask, is that part of our record currently? I think he filed them just after the record was prepared, so I don't think so. I know you're responding to my question, but please continue with your argument. Thank you. Sure. So let's talk a little bit about what the trial court did to analyze intervention as of right below. And I'm going to quote, I don't understand how a third party who's not a part of this litigation has any right to come in and complain about the judgment. But that's the very right that Section 2408 expressly creates, the right of a third party who is not a part of a litigation to come in and complain about a judgment or order that prejudices or injures its protectable interests. MedLegal is that third party here, and it was an abuse of the trial court's discretion to deny MedLegal's petition. As both this court and our Supreme Court has instructed, Section 2408 of the code is remedial to be liberally construed and mandatory. Intervention of right must be granted if the petitioner can satisfy three elements, timeliness, sufficiency of interest, and inadequacy of representation by the existing parties. A court's discretion... Can we focus on sufficiency of the interest for a second? Sure. My understanding of that concept is essentially, did you have an interest at the time the judgment entered? And you've conceded that you did not, correct? In 2022? Right. That's correct. But on October 9th, 2024, the court entered a collusively entered into, stipulated and agreed non-protonc order that immediately gave or purports to give appellant a legal interest and a legal basis in collecting premiums assets that never existed before and putting himself ahead of the line when premium was never previously involved in the case. There was no judgment against premium in 2022, and it is absolutely improper to enter a non-protonc order to extend liability to another party that wasn't there. I know they call it a misnomer, but it's not a misnomer. It's a substantive change. It's re-engineering that judgment to substitute premium for premier. There was never... There's no question... Actually, Justice Heddle, I apologize. Go ahead. No, that's okay. But this might tack onto what you're saying. If they're simply fixing a mistake, they're fixing a mistake, and the fact that they went on an agreed judgment, that happens all the time, counsel. What's the matter with them coming in and entering agreed judgment as opposed to litigating and having the expense of that? A couple of things. First, under Illinois law, a non-protonc enter may not be entered unless there is some note, memorial, or memorandum in the record that reflects a clerical error or typographical mistake by the court, not by the parties. And that has to be shown in... The court signed the order. The court did sign the order, but it did so without a motion, without a petition, say, 2-1401 petition to alter or amend the judgment, and without any evidence that there was actually an August 1st, 2019, $1.43 million promissory note that the whole judgment is based on. And we know now, based on a deposition of Mr. Batra, who owns premium, and affidavits submitted, that that promissory note does not exist. Counsel, there was a promissory note, though, correct? And didn't it have some open-ended language that it was $175,000 and whatever else comes along the way? It was about $175,000. It was open-ended, and it was dated sometime in 2020. So, that is not the August 1st, 2019, $1.43 million non-pertunct order. Also, under Illinois law, if you have this revolving line of credit type of promissory note, that $175,000 is not the floor. That's the maximum of the promissory note, which makes sense, because if you're giving somebody an amount of money, you want to say, what's the max amount I'm going to give you? Not the other way around. I agree to loan you $175,000. But this argument is really challenging the basis underlying the agreed judgment from 2022, which it's an interesting question, I suppose, but you did not have an interest in that litigation at the time that judgment entered. So, isn't this really just a back door attempt to attack something you could not have attacked then? I don't think so. Everything changed for MedLegal that had an existing concrete and enforceable right to collect premiums asset on the very date that that non-pertunct order was entered. If not MedLegal, no one is going to be able to challenge a non-pertunct order that was collusively designed and submitted to the court, again, with no motion, with no petition to alter or amend the judgment, and with no evidence whatsoever in the record of that supposed misnomer. Well, there is some evidence, isn't there, in the sense of ... Now, when you say the record, you're talking about at the time the judgment entered originally, right? Correct, and when that would have occurred. I mean, to this idea of collusion, I just ... I mean, there's suggestions in the briefing and in the arguments of fraud, but ultimately, it's never really developed, and I'm not sure how relevant it is. But just to address it briefly, I mean, there are documented payments to premium after the judgment, right? To appellee by premium after the judgment. Yeah, and that pro se complaint was filed two days in handwriting, pro se, after MedLegal filed its demand for arbitration on premium, and the stipulated and agreed judgment was entered very quickly thereafter. And if this misnomer is discovered, that is, you know, it's a really get-out-of-jail-free card for premium, right? There's a judgment against Premier on the books, but not premium. It shouldn't want a non-pertunct order to be entered. It should want to be off the hook for whatever it still owes appellee. So what other reason than to keep the money in the family and to keep MedLegal from collecting its judgment could there be? Counsel, let's suppose there's something rotten in Denmark. Isn't that another cause of action? This is simply a misnomer. We said premium, we meant Premier, or vice versa. I can't remember myself right now, but that's all they're asking to do here. I disagree respectfully. It's not a misnomer in the judgment because it had been premium the whole time and the judge actually accidentally wrote down, or the clerk accidentally wrote down Premier. Premier Healthcare Solutions was sued. Mr. Batra answered on behalf of Premier. Mr. Batra answered and admitted that there was a August 1st, 2019, $1.43 million promissory note on behalf of Premier. Premier and Premier's attorney, I mean, Premier was represented at the time, Premier and his attorney signed everything for Premier over and over and over again. Premium doesn't exist anywhere. And if not, pro-tunc orders are meant to reflect what actually occurred. That court had no idea that Premium Healthcare Solutions existed. It may have been before him for jurisdictional purposes, but that's a substantive change. That's not the simple correction of a misnomer. I understand your argument. Thank you. Regarding timeliness, I don't want to spend a lot of time on it because it's fairly straightforward, but Appellee does argue that post-judgment petitions may only be granted if intervention is the only way for the petitioner to protect his rights. And he offers post-judgment citation proceedings as an adequate alternative remedy for relief, but he is wrong. Post-judgment citation proceedings are collateral proceedings. They're for the discovery of assets and the enforcement of judgments. They're not a forum in which to attack the validity of an underlying judgment, which is taken as a given, or to re-litigate orders entered on the merits. The only way to an order entered in a merits proceedings is within that merit proceedings, and that's why med legal petitioned to intervene here, to ask the trial court to consider and rule on its motion to vacate the nunc protunc order. Regarding adequacy of representation, I think that's easily disposed of. That element is party-centric. The court, of course, is a neutral. It can't advocate for any party. So the fact that the court has the inherent power to police its own record will not suffice. And that order, if med legal is not allowed to intervene, is going to stand forever. That order entered off-call, without a motion, petition, or evidence at all, that's there forever, not just for med legal, who has a direct interest here, but every other creditor under the sun that premium has. And that Illinois law should not countenance this. This court should not countenance this, and the trial court shouldn't have either. And so we're asking this court to reverse the judgment below and remand this case with the instruction that the trial court grant the motion to intervene and hear the motion to Thank you. Justice Davenport or Justice Hedl, any questions?  There was also an argument, I apologize, regarding your not having a substantive Detachment? Yes. Thank you. Yes. Yeah. Okay. The 408E, 2408E does say you have to attach the proposed pleading to the petition to vacate. Now, Pelly's taking this to mean, apparently, it must be attached as an exhibit. There's no other way for it to be attached to the petition. But more modern case law says, look, you just have to be able to give notice to the court and the other party of what you want to do if you're allowed to intervene. And the motion to vacate was literally part of the petition to vacate. It was the pleading was tiled. What do you want to do? I want to intervene and move to vacate the NUNC-PROTUNC order. Not the original order that's been corrected? No, I want to vacate the NUNC-PROTUNC order under 1301E. I should be able to do that. Challenge, I did it within 30 days. And you want to be able to do that. And that would revert everything back to premier. And everybody agrees that there's no defendant named premier that would be an appropriate party to that litigation. And if that is actually the case, and there was actually an August 1, 2019, promissory note in the amount of $1.43 million, let the parties go back and do it right and fix the problem. It's a problem they created. The court had nothing to do with that problem. It wasn't a clerical error on the court's part. There's nothing typographical about it. So if that's what they, if that's true, if there is that promissory note, and they can show it to the judge and say, see, it says premium, not premier. Okay, but they haven't done that. And they need to do that. Because you can't enter a NUNC-PROTUNC order without, again, some note, memorial or memorandum in the record that reflects a clerical error by the court. Counsel, you would agree they're clerical error by the court. I mean, in modern practice, attorneys send the orders to the judges. And quite often when I was on the circuit bench, I just signed them electronically, right? I didn't type anything. I just hit JPH, and it signed it for me. Yeah. And you know, on January 8, Appellee's counsel did move to correct NUNC-PROTUNC, a typographical error in the date that they wrote in that NUNC-PROTUNC order, right? That's a proper use of a NUNC-PROTUNC order. We were, we all know the date it was attached to everything that the judgment was actually entered, October 26, not October 25. The judge granted that order right there. That's appropriate. But to go back and extend liability to a company that never been named in the case, that no one answered on behalf of, that no citation was ever served on. I mean, under Illinois law, it's really clear. The Supreme Court's been clear. The only way to perfect a judgment lien is to serve a citation to discover assets, and you have to serve it correctly. And there's never a citation served on it. If somebody's fighting, you have to serve it correctly. But if they're in agreement, do you? Well, I don't know. Can a third party not come in and say, I don't think that citation? Of course we can. I think you can. Even if you did not have an interest at the time, the judgment entered? Yes, because the interest was created upon the entry of that NUNC-PROTUNC order, creating a judgment that never existed before that immediately affected MedLegal's rights. So, but for the entry of that NUNC-PROTUNC order, there, you had no interest at that time. And then after the NUNC-PROTUNC order is entered, you suddenly have a cause, you have a liability. Well, I have an interest that arose in September, right? Correct. And that NUNC-PROTUNC order later entered purports to destroy lien priority and give Mr. Betty rights to collect premiums assets. And in his view, ahead of MedLegal, despite what the federal court said. Okay. Thank you. Ms. Gotchlitz, thank you. You will have an opportunity in reply. Mr. Schwartz. Thank you, your honors. Good afternoon. For the record, Marty Schwartz. For the epilee. So, your honors, the precise issue is whether the trial court abused its discretion in refusing to allow a judgment creditor to intervene in a lawsuit between a plaintiff and a defendant over a loan made by the plaintiff to the defendant, where the judgment creditor has nothing to do with that loan. Under the intervener's petition or their argument, any judgment creditor should be able to intervene in any other lawsuit where they have a judgment against the defendant because they could be adversely impacted. And I think that, and then, sure, I would like to intervene in a bunch of lawsuits to slow them down and then try and speed up the cases I am where there's multiple, where a defendant has multiple lawsuits. And even the more precise issue is for the, whether the trial court abused its discretion when the sole purpose of the intervention is to object to a non-proton order correcting a misnomer. So, let's start out with that. It's clear this is a misnomer. There is nothing in the record to suggest that there is any company called Premier Health Solutions. Zero evidence of that. So, counsel is saying there's no judgment against premium that was entered initially. That's incorrect. If someone sues me and they misspell my name, the judgment is still against me. They could correct the judgment. They can correct the name, but that's the whole point of a misnomer is, and it relates back. So, when counsel says- It doesn't matter, Mr. Swartz, that they misspelled your name from the very beginning on every single document all the way through judgment? It doesn't for this reason. This would be one thing if there was two companies and you sued the wrong company, and then later you learned, oh my God, that's an Arizona company. I got to sue the Illinois company. There's no dispute that it was premium was the intended defendant. Premium's the one who got served. Premium's the one who responded. They call themselves Premier. Okay. But under the misnomer statute, I believe is 2-401, as well as just the basis of non-proton and able to correct clerical mistakes. This is, again, if these types of mistakes should not impact the substantive intent of the parties. And again, no dispute, the judgment was against premium, even though it was called Premier. In terms of the timeliness of their petition, as counsel referenced, when it's post-judgment, the timeliness standard is different. You must show that you have no other remedy. And under counsel's position, every so-called fraudulent, collusive judgment that other creditors have no remedy. That's not the law. And they cite cases that were based on, I think, the 1929 attachment law, as this court is well aware of. 214-02 of the Civil Practice Act has been expanded. They have rights to argue about priority. They have other statutory remedies. If they think this judgment was fraudulent, and I want to say unequivocally, we deny that it was fraudulent, and we showed the evidence of the advancements. So with respect to the timeliness, they do have alternative remedies. And if this judgment's affirmed, I'm sure they're going to take the position when they're before Judge Schwartz that they do have those type of remedies. I also want to point out, counsel said that the misnomer, the order correcting the misnomer that she filed within 30 days, the entry of a non-protunct order after a judgment is entered does not restart the 30 days. So if an order is entered two years later correcting the name, the defendant doesn't have a right or the plaintiff doesn't have the right to then appeal the judgment. Again, we're only talking about ministerial mistakes. Counsel, are you coming to that conclusion by logic or case law? Case law, I can give you cites for that. You don't need to if they're in your brief. Well, your honor, I like to say that if it was in my brief in the Seventh Circuit, I don't think they're in my brief. But in fairness to opposing counsel, if the court would like, I could send a letter afterwards. I do have the cites in front of me that I could read to the court. The non-protunct order does not affect finality. I'm not asking for that now. All right, fair enough. I like to go to sort of the interest that the intervener claims for their right to intervene in this case. All the cases cited suggest that the intervener has to have an interest in the subject matter of the lawsuit, not the secondary effect of the judgment. The one case that's pretty close, we cited in our brief, In re Marriage of Perkison, which is a Fourth District 1986 case, where an employer was trying to intervene in a divorce case. I think one of the parties to the divorce case was trying to vacate the divorce judgment because her husband died. Then the employer would have to pay the widow if she wasn't divorced. The court said, no, that's not the type of interest. That's a secondary interest. It's not the judgment in the divorce case that's going to be affecting you. It's the secondary effect of judgment. We cited several federal cases that are the same way. The Seventh Circuit specifically said a creditor doesn't have the type of interest to allow them to intervene. Again, if that was the case, you'd have creditors intervening in all these other lawsuits to contest judgments that they have nothing to do with the subject matter. Can I just ask a question? Sure. Would you, you do agree though, that there, as of the record, at the time of the 2022 judgment, you can't point to one thing that would support the suggestion that Premier was a mistake and it was supposed to be Premier. I mean, there is nothing that the judge could look at or the parties could show the judge other than their agreement that says, oops, it was a misnomer. I mean, there isn't anything that the judge would be able to look at, or you could show the judge that existed at the time to support the misnomer position. Well, that is correct with this caveat though. So it's convenient that Premier and Premier are kind of close, but heck, you could have made it Joe Schmo limited. It could be anything. I mean, the court's just listening to the two parties saying two years later, now that there's a lean priority issue in federal court, oh, this is, let's make it Premium, judge. It was always supposed to be Premium. I mean, you understand the suspicion, if you will, of the appellant as it relates to that. Your Honor, I don't for this reason. If this was a case where the judgment was against ABC company, and then later on, they're going after the, MedLegal is going after a DEF company, which has the same principle. And we said, oh, that judgment against ABC, it was really intended. We really made the loan to this other company, DEF. There is no way that anyone could argue that the loan was made to Premier Healthcare Solutions. There is no such entity. This wasn't a way to sort of cheat them, hide the ball sort of, we'll get the judgment against this company, we'll change it. It was as soon as counsel advised us that there was a, um, the name was incorrect. The plaintiff and defendant both agreed. And MedLegal is not here arguing that it wasn't anything but a mistake. Again, there is no company called Premier. So how could you have a judgment? So isn't there a company called Premier? There is. No. Just not related to this. No, there is no, there's a company called, uh, there is no company called Premier Healthcare Solutions. Absolutely none. There is a company called, I think there might be another company, Premier Healthcare, uh, staffing or something like that. It has nothing to do with, uh, Mr. Badger. So again, this wasn't some kind of sneaky counsel says, oh, that it was filed two days after they filed MedLegal filed for arbitration. Now, I don't know if there's anything in the record to show when, um, premium got notice of that arbitration, but let's assume there was some type of fraudulent intent. Then for sure we would have named premium healthcare solutions. We wouldn't have made that mistake if there was some kind of, um, attempt to defraud MedLegal. This was, this was a, um, this was a mistake that again, is not some type of bait and switch. And, um, I, I too have had the, you know, had to think twice, the premium premier, um, et cetera. And the other thing that I, I'd like to raise is, um, in terms of the petition attaching a pleading, I don't know what pleading they would attach. I, I don't know what, what, what substantive relief are they just coming into? Uh, do they want to vacate the judgment? Are they saying there's no against, uh, premium and that the judgment against a non-existent entity should stand? That doesn't make sense. And I don't know what, um, really what kind of standing that they have to contest a loan that was made between, uh, Mr. Betty and premium, even though it was called premium. Thank you. Any additional questions? No, no. All right. Thank you, Mr. Schwartz. Uh, Ms. Scott Gillis, uh, reply. Yeah, just a few things. Uh, Mr. Schwartz brought up the misnomer statute. That's, uh, two four one B, uh, of the code. And it says this quote, misnomer of a party is not a ground for dismissal, but the name of any party may be corrected at any time on motion upon any terms and proof that the court requires. So that's the statutory language. That's what the legislature wanted to require. If you're going to change the name of a party due to a misnomer, some motion and some amount of proof that was not done here. Only some amount of proof that the court may require that any, any terms and any proof to that, to me, any proof requires at least some proof. What follows any proof that the court requires? So if the court doesn't require it, well, I respectfully, I don't read it that way. I read it as whatever minimum amount of proof the court requires, the court can decide what that minimum amount of proof is. But in any event, there needs to be a motion. So I don't think, I actually think that statute hurts him and not helps him. And then with respect to, you know, the lawsuits, creditors, this, this parade of horribles, creditors always interfering. This isn't like any of those cases from federal court where, you know, a different judgment creditor has a case. In those cases, the petitioners were attempting to intervene in lawsuits that were ongoing, whose outcomes hadn't yet been determined. And they were hoping to come in and sway the judgment in a way to create a possible pot of money for them to collect in the future. You know, coming in and saying, no, no, I really think, I really think his light was green. I think he was fine. Don't fight him against him because I want to collect money from him first. That's not this case. That's not this case. The, the judgment has ready and the merits have already been litigated and decided, and there's nothing speculative or contingent about MedLegal's immediate right to collect premiums assets. So unless there are any questions, I would just ask you to reverse and remand. Nothing further. Nothing further. The court thanks both sides for spirited argument. We are going to take the matter under advisement and issue a decision in due course. Court is adjourned until the next argument. Thank you very much. Thank you. Have a good day. Thank you.